IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALUMINUM COMPANY OF AMERICA (now assigned to Alcoa Corporation),<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendant. | Civil Action No. 96-1098 |

**JOINT MOTION TO MODIFY CONSENT ORDER**

Plaintiff Aluminum Company of America, assigned to Alcoa Corporation[1] ("Alcoa"), and Defendants the United States of America, the United States Department of Commerce, the United States Department of Defense and the United States Air Force ("United States"), collectively referred to as "the Parties," jointly move the Court to approve and enter the proposed Modified Consent Order attached to this Motion. The Parties have executed the proposed Modified Consent Order. In support of this Joint Motion, the Parties state as follows:

1. In June 1996, Alcoa filed a lawsuit against the United States under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601-9675, seeking past and future response costs allegedly arising from the

---

[1] Aluminum Company of America became Alcoa Inc. in 1998. In 2016, Alcoa Inc. split into two companies. The upstream assets and liabilities, including all matters relevant to this Consent Order, were moved into a new company, which is called Alcoa Corporation.

1

government's activities during World War II at Alcoa's bauxite mining site near Bauxite, Arkansas, and five manufacturing facilities located in Alcoa, Tennessee; Badin, North Carolina; Massena, New York; Vancouver, Washington; and Cleveland, Ohio.

2. On January 25, 2000, this Court entered a Settlement Agreement and Consent Order ("Consent Order"), attached here as Exhibit A, resolving Alcoa's claims against the United States at three of the sites, specifically, Bauxite, Arkansas, Alcoa, Tennessee, and Badin, North Carolina (collectively referred to as the "Phase I Sites").

3. Pursuant to the Consent Order, the United States paid Alcoa $13,987,925 to resolve its claims at the Phase I Sites. Consent Order ¶ 11.a. In exchange, Alcoa agreed to use the United States' funds for reimbursement or payment of "World War II Response Costs," defined as "necessary response costs for remediating the release or threatened release of hazardous substances from activities occurring from 1940 through 1945," at the Phase I sites. *Id.* ¶ 12.a. Alcoa also agreed that by January 1, 2015, it would spend at least $50 million on World War II Response Costs at the Arkansas site and an additional $5 million on World War II Response Costs at the Tennessee and North Carolina sites combined. *Id.*

4. The Parties agree that Alcoa expended only $46,178,481 on World War II Costs at the Arkansas site and $2,882,221 at the Tennessee and North Carolina sites by January 1, 2015.

5. Alcoa seeks to extend the Consent Order's January 1, 2015 deadline to expend the remaining funds.

6. Pursuant to Paragraph 12.a. of the Consent Order, the Parties acknowledged that they "may negotiate in good faith the terms and conditions of an extension of time for such expenditures."

7. In light of Alcoa's extension request, the Parties have agreed to the proposed Modified Consent Order, attached here as Exhibit B, which contains the following modifications:

(a) Alcoa shall have an additional 11 years from its original deadline (until January 1, 2026) to expend the remaining $5,938,938 of the original $55 million requirement on World War II Response Costs at any of the three Phase I Sites;

(b) Alcoa agrees to expend an additional $3,979,089 on WWII Response Costs at any of the three Phase I Sites in those 11 years;

(c) Alcoa shall report on its expenditures to the United States annually;

(d) Alcoa may only claim specific agreed-upon categories of World War II Response Costs toward its spending requirement; and

(e) If Alcoa fails to meet the new January 1, 2026 deadline to expend a total of $58,979,089 on World War II Response Costs at the three Phase I Sites, Alcoa agrees to reimburse the United States 25.4 percent of the unspent funds.

8. The current Consent Order does not provide for modification of the Consent Order by agreement of the Parties. Accordingly, the Parties submit their proposed modification to the Court for approval pursuant to the Court's continued jurisdiction "for the purpose of enforcing the Consent Order." Consent Order ¶ 15.

9. Federal Rule of Civil Procedure 60(b) allows modification of a judgment or order for specified reasons, including "(5) . . . applying [the judgment] prospectively is no longer equitable; or (6) any other reason that justifies relief." The rule applies to consent decrees. *See, e.g., Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 393 (1992) (adopting a "flexible standard" for modification of consent decrees).

10. Because the Modified Consent Order will increase Alcoa's expenditure obligation in exchange for additional time, it is consistent with the ultimate goals of the Consent Order and allows the United States to maintain the benefit of its bargain. Furthermore, because remediation at the Phase I Sites is still incomplete, the requirement that Alcoa expend additional funds on World War II Response Costs by 2026 ensures that Alcoa will continue remediation.

11. The Court should approve and enter this Modified Consent Order because it has been negotiated in good faith and at arm's length; it is fair, reasonable, in the public interest, and consistent with CERCLA's goals; and the entry of the Modified Consent Order without further litigation is the most appropriate means of resolving this matter.

WHEREFORE, the Parties respectfully request that the Court sign the proposed Modified Consent Order and enter it as an order of the Court.

Respectfully Submitted,

**FOR THE UNITED STATES**

SCOTT W. BRADY
United States Attorney
Western District of Pennsylvania

*/s/Paul E. Skirtich*
PAUL E. SKIRTICH
Assistant United States Attorney
Western District of Pennsylvania
Joseph F. Weis, Jr. U.S. Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
(412) 894-7418
PA ID No. 30440

/s/ *Laura J. Brown*
LAURA J. BROWN
PA ID No. 208171

        Senior Attorney
Environmental Defense Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
(202) 514-3376

**FOR ALCOA CORPORATION**

/s/ *Gregory J. Pfeifer*
GREGORY J. PFEIFER
Chief Environmental Counsel
Alcoa Corporation
201 Isabella Street
Pittsburgh, PA  15212
PA ID No. 83256

Dated: 9/18/2020

## CERTIFICATE OF SERVICE

I certify that on September 18, 2020, I served a copy of the foregoing Joint Motion to Modify Consent Order on counsel for Defendant via electronic mail.

*/s/Laura J. Brown*